IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO. 05-98 |
| v. | : | |
| | : | |
| GREGORY H. LADNER | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J. MARCH 9, 2012

Gregory H. Ladner ("Petitioner") was a federal prisoner incarcerated at the Federal Correctional Institution in Fort Dix, New Jersey. While incarcerated, Petitioner filed a pro se motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 (hereinafter "§ 2255 Motion") because he received constitutionally ineffective assistance of counsel. The Government moved to dismiss the petition as untimely. For the reasons set forth below, Petitioner's motion is time-barred and the Court will deny and dismiss with prejudice.

## I. BACKGROUND

On July 8, 2005, a jury found Petitioner guilty of one count of knowingly making false statements and representations to a federal firearms licensee in violation of 18 U.S.C. § 924(a)(1)(A). On January 10, 2006, the Court sentenced

Petitioner to eighteen months of imprisonment, three years of supervised release, a $500 fine, and a special assessment of $100. Judgment, ECF No. 57.

The Court suspended execution of Petitioner's sentence until February 9, 2006, at which time Petitioner was directed to report to a designated prison. Order, Jan. 10, 2006, ECF No. 55. On January 13, 2006, Petitioner directly appealed his sentence. Notice of Appeal 1, ECF No. 58.

While his appeal was pending, Petitioner failed to surrender to serve his sentence and thereby became a fugitive. Petitioner's appellate counsel pursued Petitioner's appeal despite his fugitive status. On June 8, 2007, the Third Circuit, nevertheless, dismissed his appeal under the fugitive disentitlement doctrine. See United States v. Ladner, 226 F. App'x 250, 251-53 (3d Cir. 2007) ("We will not permit [Petitioner] to thumb his nose at justice and to remain a fugitive while we hear his appeal. We see no compelling reason to hear this case."). Petitioner did not seek a writ of certiorari.

On July 28, 2009, Petitioner was arrested in Los Angeles, California. On April 18, 2011, while incarcerated, Petitioner filed a § 2255 Motion.[1]

---

[1] Petitioner originally filed a § 2255 Motion and accompanying memorandum on an outdated standard form. See § 2255

Petitioner served his term of incarceration and, according to the Federal Bureau of Prisons' inmate locater, was released on November 18, 2011. Thus, Petitioner is currently on supervised release.

The Government moved to dismiss because the § 2255 Motion is untimely. Mot. to Dismiss 1, ECF No. 71. The Court granted Petitioner's request for an extension of time to respond, and, thereafter, Petitioner filed a timely response. Pet'r's Resp. 1, ECF No. 74. The matter is now ripe for disposition.

## II. LEGAL STANDARD

A federal prisoner in custody under sentence of a federal court challenging his sentence based on a violation of the U.S. Constitution or laws of the United States may move the court that imposed the sentence to vacate, set aside, or correct the sentence.[2] See 28 U.S.C. § 2255(a) (Supp. IV 2011). In a §

---

Motion, April 26, 2011, ECF No. 63. On May 2, 2011, the Court ordered Petitioner to complete the Court's current standard form as provided by the Clerk of Court. Order, May 2, 2011, ECF No. 64. On May 23, 2011, Petitioner filed another § 2255 Motion on the Court's current standard form. § 2255 Motion, May 27, 2011, ECF No. 65. For purposes of calculating the statute of limitations period, the Court will look to the date Petitioner placed the original § 2255 Motion in the prison mailing system, that is, April 18, 2011.

[2] Although Petitioner has served his term of incarceration, he filed the § 2255 Motion while incarcerated and is currently serving a term of supervised release. Therefore,

2255 motion, a federal prisoner may attack his sentence on any of the following grounds: (1) the judgment was rendered without jurisdiction; (2) the sentence imposed was not authorized by law or otherwise open to collateral attack; or (3) there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack. See id. § 2255(b).

A petitioner is entitled to an evidentiary hearing as to the merits of his claim unless it is clear from the record that he is not entitled to relief.[3] The Court must dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Section 2255 R. 4(b). A prisoner's pro se pleading is construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 32 (3d Cir. 2011).

---

the Court may entertain the motion. See, e.g., United States v. Essig, 10 F.3d 968, 970 n.3 (3d Cir. 1993).

[3] Section 2255 provides,

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b) (Supp. IV 2011).

**III. DISCUSSION**

Based on the § 2255 Motion and the record of proceedings, it plainly appears that Petitioner is not entitled to relief because his motion is untimely. Furthermore, Petitioner is not entitled to equitable tolling. Therefore, the Court will deny the motion and dismiss with prejudice.

Petitioner's § 2255 Motion is untimely. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations period for § 2255 motions. 28 U.S.C. § 2255(f) (Supp. IV 2011). That period generally runs from "the date on which the judgment of conviction becomes final."[4] Id. § 2255(f)(1).

Petitioner's judgment became final on September 6, 2007, when his time to petition for a writ of certiorari for review of the Third Circuit's judgment expired. See Clay v. United States, 537 U.S. 522, 525 (2003) ("[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."); U.S. Sup. Ct. R. 13(1) (providing ninety-day period to file petition for writ of certiorari to review appellate court judgment). Petitioner had

[4] The alternate start dates are not applicable here. See 28 U.S.C. § 2255(f)(2)-(4).

until September 6, 2008, to file a § 2255 motion. Therefore, the § 2255 Motion, filed on April 18, 2011, is over two years late.

Petitioner is not entitled to equitable tolling of the limitations period. In rare instances, the Court may exercise its equitable powers to toll AEDPA's limitations period. See Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). Equitable tolling is proper only when a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks removed). "[E]quitable tolling is appropriate when principles of equity would make the rigid application of a limitation period unfair." Pabon v. Superintendent S.C.I. Mahanoy, 654 F.3d 385, 399 (3d Cir. 2011).

Petitioner has not diligently pursued his rights. Indeed, he was a fugitive who attempted to evade his sentence. Furthermore, after his capture, Petitioner waited over twenty months to file the § 2255 Motion.[5] Thus, Petitioner failed to show the reasonable diligence necessary to receive equitable tolling. See Allen v. Rozum, No. 07-3256, 2008 WL 4462083, at *1

[5] Petitioner's argument that he lacked access to legal materials and was otherwise delayed in filing the motion after his capture in Los Angeles on July 28, 2009, is immaterial because Petitioner's time to file a § 2255 motion had expired by then.

n.1 (E.D. Pa. Oct. 2, 2008) (Robreno, J.) (refusing to toll limitations period that ran while state prisoner was fugitive and waited four years after capture to file habeas petition).

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2255 motion, the Court must also decide whether to issue or deny a Certificate of Appealability ("COA"). See Section 2255 R. 11(a). The Court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, an evidentiary hearing is not required because it plainly appears that Petitioner's § 2255 Motion is time-barred. For the same reasons, jurists of reason would not find it debatable whether the Court is correct in this procedural ruling. Therefore, the Court will deny a COA.

**V. CONCLUSION**

For the reasons provided, the Court will grant the Government's Motion to Dismiss and deny and dismiss with prejudice Petitioner's § 2255 Motion. The Court will not issue a Certificate of Appealability. An appropriate order will follow.